MERCHANTS AND MANUFACTURERS' INSURANCE COMPANY, Appellant, *v.* MICHAEL MAGUIRE, Respondent.

### February 14, 1876.

The defendant effected an insurance on his property in the sum of $800, for a premium of $80, for which he gave his note. Afterwards he procured an insurance on other property amounting to $700, and procured a change of his policy, making it cover $1,500. Upon effecting the insurance originally

he paid 10 per cent. in cash of the note for $80, and on effecting the increase he paid 10 per cent. of the additional $70. The agent of the company made the change of the policy at the request of defendant, received the $7, and changed the note from $80 to $150. Defendant testified that he authorized the change of the policy, but did not authorize the change of the note, though he did not forbid it. Suit was brought on the note for $150. *Held*, that defendant was estopped to deny the agent's authority to change it when he changed the policy.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Joseph T. Tatum*, for appellant, cited: Washington Mutual Ins. Co. *v.* St. Mary's Seminary, 52 Mo. 491; 2 Pars. on Notes & Bills, 565; Hunt *v.* Adams, 6 Mass. 519; Bowers *v.* Jewell, 2 N. H. 543; 12 Am. Law Reg. 627.

*Thomas Grace*, for respondent, cited: Woey *v.* Michael, 33 Mo. 398; Owings *v.* Arnot, 33 Mo. 406; Presburg *v.* Michael, 33 Mo. 524.

GANTT, P. J., delivered the opinion of the court.

Maguire effected an insurance on his property with the plaintiff, in the sum of $800, giving therefor, by way of premium, his note for $80. Subsequently desiring to include other property, and to have the amount insured increased to $1,500, he authorized the solicitor of the company to change the policy accordingly. The solicitor thereupon increased the sum insured to $1,500, and the premium note to $150, and returned the policy so altered to defendant. The defendant, when giving his note originally for $80, the amount of the premium, or just 10 per cent. of the sum insured, paid, as the first call thereon, $8, or 10 per cent. When the alteration was made he paid an additional sum of $7. He testified at the trial that he authorized the alteration of the policy, but not the alteration of the note.

The court gave the following instruction, at the request of the defendant:

"If the note originally executed by defendant, after the instrument was made complete and the blanks filled up for the sum of $80, was afterwards altered by plaintiff,

in any material point, without the consent or knowledge of defendant, such alterations rendered the note invalid.''

And refused the following, asked by plaintiff:

'' The agents of the plaintiff were authorized to change the amount of the note on which the suit is brought, so as to correspond with the additional insurance, if the defendant and the plaintiff's agent agreed that the additional insurance should be secured by the original policy for which the original note was given.''

Exceptions were duly saved by the plaintiff, who became nonsuit with leave, etc., and, after moving to set the nonsuit aside, the plaintiff appealed to this court.

We think the court erred. This is not the ordinary case of an alteration of an instrument by the person to be benefited by the alteration. By consenting to the alteration of the policy, the defendant at the same time, and necessarily, consented to the alteration of the premium note. It was in evidence that 10 per cent. of the premium note was payable when the insurance was effected. What did the defendant understand when he paid $7 when the amount insured was increased by $700? Certainly that, if his instructions had been obeyed, his additional premium note was $70. It will not answer to say that he accepted the agency of the solicitor so far as it benefited him, but rejected it so far as it imposed on him the correlative obligation. Upon the facts disclosed by the record, we think the instruction refused should have been given, and the instruction given should have been refused. We therefore reverse the judgment and remand the cause. All the judges concur.